## O'REILLY ET AL. v. LONG.

[No. 3,319.  Filed November 22, 1900.]

REAL ACTIONS.—*Mesne Profits.*—An action for *mesne* profits may be maintained independently of an action for the possession of the real estate.  *p. 529.*

SAME.—*Mesne Profits.— Complaint.*—A complaint in action for *mesne* profits which fails to allege that plaintiff was entitled to the possession of the real estate during the time he seeks to recover for the use and occupation is fatally defective.  *pp. 529, 530.*

From the La Porte Circuit Court.  *Affirmed.*

*N. F. Wolfe, E. E. Weir, M. H. Weir* and *Lemuel Darrow,* for appellants.

*F. E. Osborn* and *H. W. Sallwasser,* for appellee.

COMSTOCK, J.—The question argued by appellants' counsel upon this appeal is whether a separate action for *mesne* profits, independent of an action for the possession of real estate, can be maintained under our statute.  No brief has been filed on behalf of appellee.  In our opinion this question should be answered in the affirmative.

It still remains to determine the sufficiency of the complaint, a demurrer to which for want of sufficient facts to constitute a cause of action against appellee was by the trial court sustained, and which action of the court is the only error assigned.

The complaint avers that the plaintiffs (appellants here) are and have been since June 13, 1897, the owners in fee simple of certain real estate (describing it); that the defendant has had possession of the said premises unlawfully and without right and has kept plaintiff out of possession

of the same from the 13th day of June, 1897, up to the 1st day of October, 1898; that the value of the use and occupation of the premises is, etc., etc.; that the defendant has appropriated the same to his own use, to the damage of the plaintiffs in the sum of $200; wherefore they demand judgment against defendant for $200, and other proper relief. The complaint fails to aver that the appellants were entitled to the possession of the premises during the time the appellee had possession without right. It does not aver that they were unlawfully kept out of their possession.

The complaint is fatally defective in failing to show that appellants were entitled to the possession during the time for which they seek to recover for the use and occupation.

Judgment affirmed.